(83 Misc. Rep. 684)

### In re GIAUQUE'S WILL.

(Surrogate's Court, New York County. January 16, 1914.)

1. WILLS (§ 52*)—PROBATE—PRESUMPTION.

Where it is established that the testator has once been insane, clear evidence is necessary to warrant the probate of a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 101–110; Dec. Dig. § 52.*]

2. WILLS (§ 55*)—PROBATE—ADMISSION TO PROBATE.

Where insanity is once established, and the whole evidence leaves the issue of insanity in doubt, probate of the will should be denied.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 137–158, 161; Dec. Dig. § 55.*]

Application for the probate of the will of Elsie H. Giauque. Probate denied.

Albert Grossman, of New York City, for proponent.

Einstein, Townsend & Guiterman, of New York City, for contestants.

Murray, Prentice & Howland, of New York City, for Baptist Church.

FOWLER, S. The will in controversy, purporting to be made the 4th of January, 1909, is contested, and it is alleged that at the time the will was made testatrix was incapax or lacked testamentary capacity. The will gives one-half her little estate to a Baptist church and the other half to a lady interested in the work of that church. The testatrix at the time of her death left her surviving an indigent old father and mother, with whom she was on very good terms, certainly during the larger part of her life. The church makes no very active pretensions to its legacy, nor does the other legatee. Their conduct in the cause is very passive, most proper, and self-respecting.

[1, 2] It appears that the testatrix was confined in an institution for the insane from the 5th of February, 1903, to April, 1903, then suffering from a type of emotional insanity characterized as religious mania. We have therefore evidence to rebut the presumption of sanity as a datum in the cause. When insanity is once established as a fact in a probate cause, the surrogate looks carefully at the proofs surrounding the will. In this matter the attesting witnesses were com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parative strangers, and their testimony is not of high weight on the issue of testamentary capacity. The testimony of the lay witnesses bearing on the capacity of testatrix is conflicting, but the contestants' witnesses had the greater opportunity to form an opinion of value, for they were acquaintances of long standing. The lay witnesses for the proponent, while of higher degree of intelligence in several instances, knew little of testatrix, seeing her only in church at long intervals or in connection with church charities. The employer of testatrix, on the other hand, gave very positive testimony corroborative of the conditions observed in the institution for the insane, which, by stipulation, I am permitted to notice. For the reasons stated by me in Matter of Martin, 82 Misc. Rep. 574, 144 N. Y. Supp. 174, when insanity is once established the burden rests very heavily on the proponent to establish capacity to testamentate, and, when the whole evidence in the cause leaves the issue in doubt, the testamentary paper is not shown to be entitled to probate within the established principles of testamentary law.

Probate is therefore refused. Decree accordingly.